IN THE SUPERIOR COURT
OF GUAM

IN THE MATTER OF THE ESTATE OF )    PROBATE CASE NO. PR0015-02
                                               )    PROBATE CASE NO. PR0020-04
                                               )

ANTONIO RAFAEL GUMATAOTAO,       )

                  Deceased,      )    **DECISION AND ORDER**
                                               )
                                               )

IN THE MATTER OF THE ESTATE OF    )

GUADALUPE G. TORRES               )

                  Deceased.      )

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on February 17, 2014. Petitioner Arleen M. Torres Sanchez and Thelma J. Torres were represented by attorney Terrence M. Brooks. The Law Offices of Guamataotao and Pole is represented by Gary Gumataotao. After considering the matters presented, the Court now issues the following decision Denying the estates petition for final distribution and Granting in part the Law Offices of Gumataotao and Pole's request.

## BACKGROUND

The Decedents, Antonio Rafael Gumataotao and Guadalupe G. Torres, died intestate on January 4, 2002 and January 27, 2004 respectively. Antonio R. Gumataotao died unmarried without issue and Guadalupe G. Torres, his mother, was his sole heir. The instant actions stem from a January 28, 2002, Petition for Letters of Administration and a May 12, 2004 Petition for Letters of Administration. Originally Mr. Gumataotao's estate was represented by attorney Robert J. Torres Jr. Mrs. Torres' estate was represented by attorney F. Randall Cunliffe. A review of the record reveals the following:

- April 15, 2003, a substitution of counsel was filed in the estate of Mr. Gumataotao substituting attorney F. Randall Cunliffe for the legal representative of the estate.

- July 20, 2004 the law office of Limitaco, Cruz and Sison PLLC filed a claim for the services attorney Torres performed to the Gumatatao Estate between January 2002 and April 2003.

- On April 13, 2005, the Court entered an order consolidating the two matters for purposes of administration.

- November 30, 2005 the two estates filed a petition for partial distribution as required by statute. Administrix Nadine M. Torres asserted that the proposed distribution of property to heir George M. Torres might be distributed without loss to creditors and the cost of administration. This first petition asserted that the estate included among others real property valued at $257,000.00.

- On February 10, 2006, the first Partial distribution was approved and ordered by the Court.

- February 29, 2008, attorney Terrence Brooks entered an appearance on behalf of Bernadette T. WonPat, Elaine T. McDonald, Vivian C. Torres, Drusilla A. Torres, Arleen M. Torres Shanchez and Thelma J. Torres as parties in interest and heirs of the estates.

- March 17, 2009, a discharge of counsel was filed by parties of interest Arleen M. Torres Sanchez, Bernadette T. Won Pat, Vivian C. Torres and Elaine McDonald discharging attorney Terrence M. Brooks as their legal counsel.

- August 5, 2009, the estates filed a petition for second partial distribution. In this petition the Administrix asserted that among others the estate included real properties valued at $1,110,000.00. She also requested that the law offices of Cunliffe and Cook be entitled to a statutory fee of $15,450.00 and that there were ample remaining assets in the estates to secure the payment of all expenses of administration of the estates.

- August 26, 2009 the Court entered an order authorizing the second partial distribution.

- October 21, 2009 the estates filed an Inventory and Appraisement indicating that the total personal property funds of the estates held in the Cunliffe and Cook Trust Account was $25,937.37. It listed the total real property value of the estates at $1,848,002.37.

- December 1, 2009, a Substitution of Administrix and Counsel was filed asserting the death of Administrix Nadine Gumataotao Torres and requesting her substitution by Thelma Torres and the Substitution of attorney Gary Wayne Francis Gumataotao as legal counsel

for the estates.

- January 21, 2010 Arleen M. Torres Sanchez and Vivian C. Torres also filed a petition to be appointed as co-administrixes of the estates.

- February 12, 2010, a Request for Entry of Appearance was filed by Attorney Terrence M. Brooks on behalf of Arleen M. Torres Sanchez, Bernadette T. WonPat, Elaine T. McDonald, Vivian C. Torres, Drusilla A. Torres and George M. Torres, as parties in interest and heirs of the estates.

- April 20, 2010, pursuant to stipulation the Court entered an order appointing Thelma J. Torres and Arleen M. Torres Sanchez as co-administrixes of the estates.

- May 17, 2012 the attorney Terrence M. Brooks on behalf of Arleen M. Torres Sanchez filed a Petition for Third Distribution. In it the estates assert that they included real property valued at $197,501.00 and requested its distribution. The estates also asserted that the statutory costs of administration are $5,050.02 and that those costs be divided between the law offices of Terrence M. Brooks and Gary Wayne Gumataotao in proportion to the work each attorney performed.

On November 27, 2013 the estates filed a Supplemental Inventory listing ten real properties. The inventory listed the estimated value of two of the described real properties as $130,410.00 and indicated that the remaining were unknown. On the same day the estates filed a Petition for Final Distribution. The petition asserts that the estates' include personal and real properties valued at $149,040.00. It asserts that the statutory administrative costs total $4,080.80 and that Court authorize the payment of $3,708.20 for the law office of Terrence M. Brooks P.C., $11,900.00 to the law office of Cunliffe & Cook and an unidentified amount to the law office of Gary Wayne Gumataotao. The petition further asserts that the closing fee of $5,000.00 was previously paid to the Court.

The final petition asserts that because the estates have no cash, the administrative costs due and owing to the law offices of Law Office of Terrence M. Brooks P.C., Law Office of Garry Wayne Gumataotao and the Law Office of Cunliffe and Cook, P.C. should be satisfied through

the placement of liens upon the estates' real property until such time as they receive payment in full.

On January 27, 2014 the Law Offices of Gumataotao and Pole filed a paper entitled, Opposition and Objection to Closing Petition. In it attorney Gumataotao asserts that the estates' Petition for Final Distribution fails to comply with Guam law. In support of this assertion Mr. Gumataotao asserts that the Petition fails to include an accounting for amounts paid to the Law Offices of Calvo and Fisher in the amount of $5,513.76, a surveying debt of $2,048.74 and advance of $7,562.50. Mr. Gumataotao also asserts that the estates owe his office a payment of attorney fees in the amount of $2,275.01 for its services performed on behalf of the administration of the estate. Attorney Gumataotao argues that Sections 2727 and 2303 of Title 15 of the Guam Code mandates the payment of administration expenses prior to closing. He also argues that these sections and Section 2325 provide the means by which real property may be liquidated to pay these expenses in the event the estate does not possess sufficient funds to pay its administrative debts. Mr. Gumataotao requests that the Court order and require that the estates liquidate real property to statisfy it administrative cost obligation prior to closing.

The estates did not file a reply.

## DISCUSSION

Petitioners have requested that a decree be made for final distribution of the estates. Sections 3009 and 3010 of Title 15 of the Guam Code regulate the filing and consideration of an estate's petition for final distribution. Section 3009 first requires the filing of a petition for final distribution or status report within one year of the issuance of letters testamentary. In this case Letters of Administration where issued by the Court for the Estate of Antonio Rafael Gumataotao on March 21, 2002. Similarly for the Estate of Guadalupe G. Torres on July 9,

2004, the Court entered an order appointing an administrix after having previously entered special letters of administration. It does not appear from the Court's review of the record herein that this mandate has been followed.

Subsequent to this entry and the Court's April 13, 2005 order consolidating the two estates the Court has authorized and ordered two partial distributions of the estates to their heirs, administers and legal counsel. In their petition for final distribution the estates have requested that their attorney fee administrative costs be satisfied through the placement of liens upon the estates' real property until such time as the individual law firms receive payment in full. In making this assertion they assert no statutory authority permitting this type of disposition.

Section 2813 of Title 15 of the Guam Code Annotated, regulates the compensation of attorney fees expended on behalf of the administration of an estate. 15 GCA § 2813 (2013). It provides,

> Any attorney who has rendered services to a personal representative, at any time after six (6) months from the issuance of letters testamentary, letters of administration or letters of administration with the will annexed, and upon such notice to the personal representative and to the persons interested in the estate as the Superior Court shall require, may apply to the Superior Court for an allowance upon his fees; and on the hearing the Superior Court shall make an order requiring the personal representative to pay such attorney out of the estate such compensation, on account of services rendered up to that time, as the Superior Court shall deem proper, and such payment shall be made forthwith.

*Id.* On its face this statute allows Mr. Gumataotao to apply for the payment of his fees and request that the payment be made forthwith. *Id.* The Court is not persuaded that allowing for the placement of a lien upon the estates' real properties satisfies the statute's forthwith

requirement.[1] *Id.* Mr. Gumataotao also objects that the estates have failed to account for amounts paid to Calvo and Fisher and their surveying costs. Mot. at 2-3. However he fails to cite and the Court is unaware of any authority granting him standing to raise these objections. Absent this the Court is unable to analyze them further.

## CONCLUSION

For the reasons set forth above Petitioners' request for final distribution is DENIED. Petitioners are required, within 30 days of the entry of this order to submit a status report detailing the conditions of the estate and reasons why the estates cannot be finally distributed. The report shall include an accounting of all distributions, costs and administrative expenses, including the payment of all attorney fees, of the estates since the entry of their initial letters of administration. Petitioners are further specifically required to set forth in their report their plan for the payment of the costs of administration as provided by statute.

SO ORDERED, this _____ 28 _____ day of _____ February _____ 2014.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

R. GUMATAOTAO
T-Brooks

Date: 2/27/14  Time: 9 am

Deputy Clerk, Superior Court of Guam

[1] In support of his request Mr. Gumataotao cites to Section 2303 of Title 15 of the Guam Code to support his argument that the estates must liquidate and pay administrative attorney fees prior to closing. Mot. at 2-3. Because Section 2303 on its face is limited to matters of testate and the directions provided in a testator's Will the Court is not persuaded that this section applies to the instant matter. 15 GCA §2303.